HON. ANDREW M. HARKNESS Acting Corporation Counsel, Canandaigua
We acknowledge receipt of your letter inquiring whether the corporation counsel of the City of Canandaigua is required to prosecute violations of the Vehicle and Traffic Law which occur in the City of Canandaigua.
We find no provisions either in the Charter of the City of Canandaigua or in any other statute which impose this duty on the corporation counsel.
In an informal opinion of this office reported in 1968 Op. Atty. Gen. 116 (copy enclosed for your convenience), we concluded that it is not the duty of the city attorney of the City of Geneva to prosecute violations of the Vehicle and Traffic Law occurring in the City of Geneva. The opinion also discusses the role of the district attorney relating to these violations. We find no notable difference in the two city charters in relation to the duties and functions of the city attorney of the City of Geneva and the corporation counsel of the City of Canandaigua which lead us to reach a contrary opinion in relation to the City of Canandaigua.
In our opinion, in the absence of a statutory provision to the contrary, the corporation counsel of the City of Canandaigua has no duty to prosecute violations of the Vehicle and Traffic Law occurring in the City of Canandaigua; the district attorney may appoint the corporation counsel of the City of Canadaigua to be an assistant district attorney for this and/or other purposes under the authority contained in County Law §702 and, if the corporation counsel accepts such appointment that individual would have the duty of prosecuting such violations but the duty would arise through the fact of the appointment as assistant district attorney and not through the holding of the position of corporation counsel.